

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,757-01

### EX PARTE EDGAR OSCARLO QUINTERO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W11-00302-N(A) IN THE 195TH DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged with aggravated sexual assault of a child, but the offense in the plea agreement, admonishments, waivers, and judgment appears to be continuous sexual abuse of a young child or children. TEX. PEN. CODE § 21.02. Applicant was sentenced to eighteen years. He did not appeal his conviction.

Applicant appears to contend that the plea agreement was breached. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*,

334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may order the prosecutor to file an affidavit in response to Applicant's claim. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall determine whether Applicant pleaded guilty to aggravated sexual assault of a child; his guilty plea was voluntary and knowing; the plea agreement was breached; and the plea agreement, admonishments, waivers, and judgment contain clerical errors. The trial court shall also order the District Clerk to forward a copy of the reporter's record of the plea hearing, if it exists. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 17, 2014
Do not publish